c
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION
SECTION P

| DONTRALE DEMARKO PHILLIPS, Petitioner | CIVIL ACTION NO. 1:17-CV-01041 |
|---|---|
| VERSUS | JUDGE DRELL |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Dontrale Demarko Phillips ("Phillips") (#464769). Phillips is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Phillips challenges his armed robbery convictions and sentences imposed in the Ninth Judicial District Court, Rapides Parish.

I.  Background

The facts of the case, as set forth by the Louisiana Third Circuit Court of Appeals, are as follows:

> On July 18, 2012, Defendant, Dontrale Demarko Phillips, entered a Circle K convenience store located on Masonic Drive in Alexandria, Louisiana and committed an armed robbery. During the robbery, Defendant discharged a silver handgun into the ceiling of the store. Cherie Moose, Defendant's girlfriend at the time, drove Defendant to the store, waited while the robbery was committed, and then drove Defendant from the scene. Moose later positively identified Defendant as the perpetrator of the crime. A shell casing was found at the scene, which was later matched to a handgun later found in a duffel bag in Defendant's bedroom.

1

> On July 22, 2012, Defendant committed an armed robbery of a Subway restaurant located on Masonic Drive in Alexandria, Louisiana. Moose again drove Defendant to and from the scene, and later identified him as the perpetrator of the crime.
>
> On July 29, 2012, Defendant committed another armed robbery, this time of a Dollar General store located on MacArthur Drive in Alexandria, Louisiana. Moose again drove Defendant to and from the scene, and later identified him as the perpetrator of the crime.
>
> Defendant was charged by bill of information filed on October 29, 2012, with three counts of armed robbery, violations of La. R.S. 14:64. On the same date, Defendant moved to represent himself and waived his right to trial by jury. Defendant refused to enter a plea on November 30, 2012; thus, the trial court entered a plea of not guilty on his behalf.
>
> On its own motion, the trial court appointed a sanity commission to examine Defendant. On March 18, 2013, the trial court found Defendant was unable to comprehend the proceedings against him and to assist in his defense. Defendant was subsequently committed to the custody of the Eastern Louisiana Health System, Forensic Division. On June 10, 2013, the trial court found Defendant had the mental capacity to stand trial and to represent himself.
>
> A bench trial commenced on December 10, 2103 [sic], with Defendant representing himself with the assistance of "hybrid counsel." Defendant was subsequently found guilty as charged. On December 17, 2013, Defendant was sentenced to serve thirty years at hard labor without benefit of probation, parole, or suspension of sentence on each count, to run consecutively. After he was sentenced, Defendant filed a pro se motion to appeal in open court, which was granted. A pro se supplemental motion for appeal was filed on December 30, 2013, and was subsequently granted.
>
> A pro se motion to reconsider sentence was filed on January 9, 2014, and denied the same day. A second pro se motion to reconsider sentence was filed on January 21, 2014, and was denied the following day.

State v. Phillips, 2014 WL 4926152, (La. App. 3 Cir. 2014).

Petitioner appealed his conviction to the Third Circuit. See id. His appellate counsel raised one assignment of error – that the trial court erred in imposing

2

sentences that are unconstitutionally excessive. Petitioner also filed two pro se briefs raising the following assignments of error: (1) the trial court committed reversible error when it denied Petitioner's 6th and 14th amendment rights of the United States Constitution and Article 1, § 13 of the Louisiana Constitution by failing to appoint counsel for Defendant at a critical stage in the proceedings and forcing Defendant to represent himself; (2) the trial court committed reversible error by admitting statements introduced in evidence against him at the preliminary examination where he was denied counsel at the trial through the oral testimony of the State's witnesses; and (3) the trial court erred in proceeding with the trial when no valid bill of information had been filed. See id.

The appellate court found that the sentences were not constitutionally excessive, and that Petitioner's first two pro se assignments of error lacked merit. Id. It also found that, because Petitioner failed to point to any error in the bill of information, or to show that the record did not contain a bill of information, Petitioner's final assignment of error had not been sufficiently briefed and could not be addressed. Id. The convictions and sentences were affirmed. Id.; (Doc. 54-1, p. 6-20). Petitioner then applied for a writ to the Louisiana Supreme Court on October 31, 2014, Docket No. 2014-KO-2256, which was denied on September 11, 2015. See State v. Phillips, 176 So.3d 1035 (La. 9/11/15).

While his appeal was pending, Phillips filed an application for post-conviction relief, which was denied on September 25, 2015. (Doc. 1-4, p. 132-135; Doc. 40-2, p. 1-4; Doc. 48-1, p. 31-34). In his application, Phillips raised the following claims: (1)

3

he was denied the right to counsel during the pretrial stages and sanity commission proceedings, in violation of his Sixth Amendment rights, and that the court relied on doctors' reports during the sanity proceedings, in violation of his Fourteenth Amendment rights; (2) that the trial court failed to determine whether Defendant knowingly and intelligently waived his right to counsel; and (3) that the trial court exceeded its jurisdiction when Defendant was convicted and no bill of information or indictment had been filed. (Doc. 1-4, p. 132; Doc. 40-2, p. 1; Doc. 48-1, p. 31-34).

On October 19, 2015, Phillips filed a Writ of Review in the Third Circuit Court of Appeal, Docket No. KH-15-1010. (Doc. 48-1, p. 1-55). Phillips's handwritten application alleged the following two assignments of error: (1) the judge erred by dismissing Defendant's application for failure to state a claim where Defendant alleged he was denied his right to counsel in all sanity commission and pretrial stages in violation of the Sixth Amendment, and his conviction was obtained in violation of the Fourteenth Amendment, and that he was denied his right to fair trial where the trial judge failed to hold a sanity commission hearing and determine his competence to stand trial; and (2) the judge erred by dismissing Defendant's application for failure to state a claim where Defendant alleged his conviction was obtained in violation of his Sixth Amendment right to counsel at trial where the trial court failed to ascertain whether he made a knowing and intelligent waiver of his right to counsel. (Doc. 48-1, p. 1-13).

On Phillips's Uniform Application for Post-Conviction Relief, Phillips included the two assignments of error, and a third claim that the court exceeded its jurisdiction

by convicting and sentencing him for three counts of armed robbery with no charge against him either by information or indictment. (Doc. 48-1, p. 20). Phillips supplemented his application on October 26, 2015, including a third assignment of error that the judge erred by dismissing his application for failure to state a claim where he alleged the court exceeded its jurisdiction by convicting and sentencing him for three counts of armed robbery with no charges against him either by information or indictment. (Doc. 50-1, p. 23-45).

The Third Circuit Court of Appeal denied Phillips' writ application on March 3, 2016, No. KH-15-1010, with one judge dissenting. (Doc. 1-4, p. 131; Doc. 40-2, p. 5; Doc. 51-3, p. 1). The Third Circuit's opinion stated, as follows:

> WRIT DENIED: Relator filed a writ application with this court seeking supervisory review of the trial court's ruling dated September 25, 2015, denying post-conviction relief on Relator's claims of denial of counsel and failure of the trial court to follow proper procedure during sanity proceedings. Review of the claims presented by Relator, the documents attached to the writ application and the supplemental filings, and the record on appeal, show that Relator is not entitled to relief on the claims asserted. Accordingly, Relator's writ application is denied.
>
> Conery, J., dissents and would grant the writ and order the trial court to appoint counsel and conduct an evidentiary hearing on the claims asserted in Relator's application for post-conviction relief.

(Doc. 1-4, p. 131; Doc. 40-2, p. 5; Doc. 51-3, p. 1).

On March 29, 2016, Phillips filed a writ with the Louisiana Supreme Court. (Doc. 61-2, p. 1-5). Phillips asserted the following assignments of error: (1) that Petitioner was denied his right to counsel in all sanity commission pretrial stages in violation of the Sixth Amendment and Fourteenth Amendment, and was denied his right to a fair trial where the trial judge failed to sanity commission hearing and

5

make a legal determination on petitioner's competence to stand trial and relied extensively on a mental health report introduced into the records; and (2) that Petitioner's conviction was obtained in violation of his Sixth Amendment right to counsel where the trial court failed to ascertain whether petitioner's waiver of right to counsel was made knowingly and intelligently after the court issued an order on March 18, 2013 from the examining sanity commission that Petitioner lacks the mental capacity to understand the proceedings against him or assist in his defense. (Doc. 61-2, p. 6).

The Louisiana Supreme Court denied writs on August 4, 2017, noting: "Relator inexcusably failed to raise his claims in the proceedings leading to conviction. La.C.Cr.P. art. 930.4(B). In addition, relator fails to satisfy his post-conviction burden of proof. La. C.Cr.P. art. 930.2." See State ex rel. Phillips v. State, 2016-0594 (La. 8/4/17), 223 So. 3d 1144 (per curiam); (Doc. 51-4, p. 2). The Louisiana Supreme Court did not specify which claim(s) were barred by article 930.4(b). The Louisiana Supreme Court also stated that "Phillips has now fully litigated his application for post-conviction relief in state court." See id. However, Phillips did not raise Ground 3 before the Supreme Court in Docket No. 2016-0594.

Phillips also filed a Motion to Correct Illegal Sentence in the district court, asserting his sentence is illegal because the charges were dismissed. (Doc. 1-4, p. 137). The district court treated his motion as a Petition for Post-Conviction Relief and denied it as untimely on October 4, 2016. (Doc. 1-4, p. 135-137). On October 31, 2016, Phillips filed a writ application to the Third Circuit Court of Appeal, No. KH-

16-00890. (Doc. 52-1, p. 1-20). Phillips asserted that the State's dismissal of armed robbery charges against a co-defendant caused the three counts of robbery against Phillips to be discharged, thus depriving the district court of subject matter jurisdiction. (Doc. 52-1, p. 1-20). On April 26, 2017, the Third Circuit Court of Appeal held that the district court properly heard Phillips's Motion to Correct Illegal Sentence as an Application for Post-Conviction Relief, and denied the application on its merits. (Doc. 1-4, p. 135-137; Doc. 52-2, p. 1). The Third Circuit Court of Appeal noted, "[t]he State's dismissal of charges against Relator's codefendant did not dismiss the charges against Relator; thus his claim is denied." (Doc. 1-4, p. 135-137; Doc. 52-2, p. 1; Doc. 61-7, p. 11).

On June 13, 2017, the Louisiana Supreme Court noticed the filing of <u>Dontrale Phillips v. State of Louisiana</u>, No. 2017-KH-981, requesting review of the Third Circuit Court of Appeal's April 26, 2017 Judgment, No. KH-16-00890. (Doc. 52-3, p. 1).[1] Phillips asserts the following assignment of error: that dismissal by the district attorney of an indictment or of a count of an indictment discharges that particular indictment or count, thus the state by dismissing the armed robbery charges against the co-defendant caused Counts 1-3 of the bill of information filed on October 29, 2012 to be discharged prior to the verdict, judgment or plea of guilty, and that the failure to file written charges against him deprived the trial court of subject matter jurisdiction as there is no written instrument charging him with three counts of

---

[1] The Louisiana Supreme Court noted that the pleading was received and filed on June 12, 2017, and that the filing was metered on May 3, 2017. (Doc. 52-2, p. 1).

7

armed robbery. (Doc. 61-7, p. 1-12). Phillips's writ to the Louisiana Supreme Court, No. 2017-KH-981, remains pending.

Petitioner previously filed a petition for writ of habeas corpus under § 2254 in this Court prior to his conviction, claiming that he was wrongfully detained with regard to arrests on July 31, 2012, for four counts of contempt of court, failure to pay fines, city probation violations, simple assault, and three counts of armed robbery. His petition was dismissed for failure to exhaust. See Phillips v. Warden, 15-CV-638, 2015 WL 3687416, at *2–3 (W.D. La. June 11, 2015).

Phillips filed a second § 2254 habeas petition, claiming that he was denied counsel in the sanity proceeding in violation of the 6th Amendment and was denied the right to a fair trial. He also claimed that the trial court lacked jurisdiction because of a defective bill of information, and that he was denied his right to direct review because the state did not prove harmless error. He also claimed that his counsel was ineffective for failing to raise the above claims on direct review. See Phillips, 2015 WL 3687416, at *2-3. Phillips's second § 2254 habeas petition was dismissed without prejudice as unexhausted. Id. at *3.

## II. Law and Analysis

Phillips files the instant habeas petition on the following grounds: (1) Petitioner was denied his right to counsel in a sanity commission pre-trial stage in violation of the Sixth Amendment and Fourteenth Amendment, and the trial judge failed to hold a sanity commission hearing and make a legal determination of Petitioner's competence to stand trial, instead relying extensively upon a mental

health report introduced into the record; (2) Petitioner's conviction was obtained in violation of his Sixth Amendment right to counsel at trial; (3) the trial court lacked subject matter jurisdiction as there was no written instrument charging the petitioner with three counts of armed robbery; and (4) Petitioner was denied his Sixth Amendment and Fourteenth Amendment rights as the court failed to appoint counsel for Petitioner at the critical stage of preliminary examination and admitted evidence introduced against him at the preliminary examination where he was denied counsel. (Doc. 1).

"Section 2254(b) requires that prisoners must ordinarily exhaust state court remedies before filing for federal habeas relief." Cullen v. Pinholster, 563 U.S. 170, 182 (2011); Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The Supreme Court has consistently interpreted § 2254 to require a federal habeas petitioner to complete exhaustion before seeking federal relief in order to promote comity, finality, and federalism, by giving state courts the first opportunity to review the claim, and to correct any constitutional violation in the first instance. See Carey v. Saffold, 536 U.S. 214, 220 (2002) (quoting Williams v. Taylor, 529 U.S. 420, 436 (2000)); Jiminez v. Quarterman, 555 U.S. 113, 121 (2009). For this reason, the Supreme Court also provides that petitions containing unexhausted claims and mixed petitions (containing both exhausted and unexhausted claims) be dismissed. See Pliler v. Ford, 542 U.S. 225, 233 (2004); Whitehead, 157 F.3d at 387.

The Petitioner asserts his habeas petition is timely, and the Respondent concedes the instant § 2254 petition has been filed timely in this Court. (Docs 1, 40). However, the exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. Picard v. Connor, 404 U.S. 270, 275-78 (1971). Phillips concedes in his habeas petition that "ground three of his state court filings is still pending in State Court." (Doc. 1, p. 12). Phillips did not raise Ground 3 before the Louisiana Supreme Court in his first writ for post-conviction relief, Docket No. 2016-0594. (Doc. 61-2, p. 6). The substance of Phillips's claim as to Ground 3– that the trial court lacked subject matter jurisdiction as there was no written instrument charging him with three counts of armed robbery – has not been fairly presented to the Louisiana Supreme Court. Ground 3 is still pending before the Louisiana Supreme Court. See Phillips v. State of Louisiana, Docket No. 2017-KH-981. Thus, Phillips's claim under Ground 3 has not been exhausted.

The Court will recommend dismissal of the entire petition without prejudice to Phillips refiling once all claims are exhausted, unless Phillips voluntarily dismisses or amends his complaint clearly indicating that he wishes to proceed only with the exhausted claims. Phillips is cautioned that, should be proceed with only the exhausted claims, he may be precluded from bringing the second claim in the future, because a petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive petition. See 28 U.S.C. § 2244(b)(3)(A).

If the petition is dismissed without prejudice, and Phillips properly exhausts his claim under Ground 3 that the trial court lacked subject matter jurisdiction,

Phillips will still have time within which to return to this Court and refile a § 2254 petition. Phillips's conviction became final under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, on December 10, 2015, which is 90 days after the Louisiana Supreme Court denied writs. Phillips filed his first post-conviction relief before his conviction became final. The statute of limitations ran from March 3, 2016 to March 29, 2016, between the Third Circuit Court of Appeal's denial of his writ and his application to the Louisiana Supreme Court. However, Phillips filed his second post-conviction relief while his first writ was pending with the Louisiana Supreme Court. Phillips's first post-conviction was denied by the Louisiana Supreme Court on August 4, 2017, during which his second writ to the Louisiana Supreme Court was, and remains, pending. Thus, it appears only approximately 23 days of the 365-day limitations period have expired. Phillips would have to refile his § 2254 petition in this Court within 342 days of the Louisiana Supreme Court denying writs on his post-conviction claim(s) in order to avoid being time-barred.

III. Conclusion

Accordingly,

**IT IS ORDERED** that, within 30 days, Phillips shall advise the Court whether he wishes to: (1) proceed with the exhausted claims, possibly foregoing any other claims due to the prohibition of filing second and successive petitions; or (2) dismiss the petition without prejudice to refiling once the post-conviction claim is fully

exhausted, subject to the time limitations discussed herein. Alternatively, a report and recommendation will be issued recommending dismissal without prejudice.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __21st__ day of August, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge