c

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **DONTRALE DEMARKO PHILLIPS,** Petitioner | **CIVIL ACTION NO. 1:17-CV-01041** |
| **VERSUS** | **JUDGE DRELL** |
| **DARREL VANNOY,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Dontrale Demarko Phillips ("Phillips") (#464769) on August 17, 2017 (Doc. 1), as amended on September 7, 2018 (Doc. 68). Phillips is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Phillips challenges his armed robbery convictions imposed in the Ninth Judicial District Court, Rapides Parish. Because Phillips has not carried his burden of proving his habeas claims have merit and that the state courts' denial of his claims was contrary to, or involved an unreasonable application of, clearly established federal law, Phillips' petition should be denied.

## I.    Background

The facts of the case, as set forth by the Louisiana Third Circuit Court of Appeal, are as follows:

On July 18, 2012, Defendant, Dontrale Demarko Phillips, entered a Circle K convenience store located on Masonic Drive in Alexandria,

Louisiana and committed an armed robbery. During the robbery, Defendant discharged a silver handgun into the ceiling of the store. Cherie Moose, Defendant's girlfriend at the time, drove Defendant to the store, waited while the robbery was committed, and then drove Defendant from the scene. Moose later positively identified Defendant as the perpetrator of the crime. A shell casing was found at the scene, which was later matched to a handgun later found in a duffel bag in Defendant's bedroom.

On July 22, 2012, Defendant committed an armed robbery of a Subway restaurant located on Masonic Drive in Alexandria, Louisiana. Moose again drove Defendant to and from the scene, and later identified him as the perpetrator of the crime.

On July 29, 2012, Defendant committed another armed robbery, this time of a Dollar General store located on MacArthur Drive in Alexandria, Louisiana. Moose again drove Defendant to and from the scene, and later identified him as the perpetrator of the crime.

Defendant was charged by bill of information filed on October 29, 2012, with three counts of armed robbery, violations of La. R.S. 14:64. On the same date, Defendant moved to represent himself and waived his right to trial by jury. Defendant refused to enter a plea on November 30, 2012; thus, the trial court entered a plea of not guilty on his behalf.

On its own motion, the trial court appointed a sanity commission to examine Defendant. On March 18, 2013, the trial court found Defendant was unable to comprehend the proceedings against him and to assist in his defense. Defendant was subsequently committed to the custody of the Eastern Louisiana Health System, Forensic Division. On June 10, 2013, the trial court found Defendant had the mental capacity to stand trial and to represent himself.

A bench trial commenced on December 10, 2103 [sic], with Defendant representing himself with the assistance of "hybrid counsel." Defendant was subsequently found guilty as charged. On December 17, 2013, Defendant was sentenced to serve thirty years at hard labor without benefit of probation, parole, or suspension of sentence on each count, to run consecutively. After he was sentenced, Defendant filed a pro se motion to appeal in open court, which was granted. A pro se supplemental motion for appeal was filed on December 30, 2013, and was subsequently granted.

A pro se motion to reconsider sentence was filed on January 9, 2014, and denied the same day. A second pro se motion to reconsider sentence was filed on January 21, 2014, and was denied the following day.

State v. Phillips, 2014 WL 4926152, (La. App. 3 Cir. 2014).

Petitioner appealed his conviction to the Third Circuit. See id. His appellate counsel raised one assignment of error – that the trial court erred in imposing sentences that are unconstitutionally excessive. Petitioner also filed two pro se briefs raising the following assignments of error: (1) the trial court committed reversible error when it denied Petitioner's 6th and 14th amendment rights of the United States Constitution and Article 1, § 13 of the Louisiana Constitution by failing to appoint counsel for Defendant at a critical stage in the proceedings and forcing Defendant to represent himself; (2) the trial court committed reversible error by admitting statements introduced in evidence against him at the preliminary examination where he was denied counsel at the trial through the oral testimony of the State's witnesses; and (3) the trial court erred in proceeding with the trial when no valid bill of information had been filed. See id.

The appellate court found that the sentences were not constitutionally excessive, and that Petitioner's first two pro se assignments of error lacked merit. Id. It also found that, because Petitioner failed to point to any error in the bill of information, or to show that the record did not contain a bill of information, Petitioner's final assignment of error had not been sufficiently briefed and could not be addressed. Id. The convictions and sentences were affirmed. Id.; (Doc. 54-1, p. 6-20). Petitioner then applied for a writ to the Louisiana Supreme Court on October

31, 2014, Docket No. 2014-KO-2256, which was denied on September 11, 2015.  See
State v. Phillips, 176 So.3d 1035 (La. 9/11/15).

While his appeal was pending, Phillips filed an application for post-conviction
relief, which was denied on September 25, 2015.  (Doc. 1-4, p. 132-135; Doc. 40-2, p.
1-4; Doc. 48-1, p. 31-34).  In his application, Phillips raised the following claims:  (1)
he was denied the right to counsel during the pretrial stages and sanity commission
proceedings, in violation of his Sixth Amendment rights, and that the court relied on
doctors' reports during the sanity proceedings, in violation of his Fourteenth
Amendment rights; (2) that the trial court failed to determine whether Defendant
knowingly and intelligently waived his right to counsel; and (3) that the trial court
exceeded its jurisdiction when Defendant was convicted and no bill of information or
indictment had been filed.  (Doc. 1-4, p. 132; Doc. 40-2, p. 1; Doc. 48-1, p. 31-34).

On October 19, 2015, Phillips filed a Writ of Review in the Third Circuit Court
of Appeal, Docket No. KH-15-1010.  (Doc. 48-1, p. 1-55).  Phillips's handwritten
application alleged the following two assignments of error:  (1)  the judge erred by
dismissing Defendant's application for failure to state a claim where Defendant
alleged he was denied his right to counsel in all sanity commission and pretrial stages
in violation of the Sixth Amendment, and his conviction was obtained in violation of
the Fourteenth Amendment, and that he was denied his right to fair trial where the
trial judge failed to hold a sanity commission hearing and determine his competence
to stand trial; and (2) the judge erred by dismissing Defendant's application for failure
to state a claim where Defendant alleged his conviction was obtained in violation of

his Sixth Amendment right to counsel at trial where the trial court failed to ascertain whether he made a knowing and intelligent waiver of his right to counsel. (Doc. 48-1, p. 1-13).

On Phillips's Uniform Application for Post-Conviction Relief, Phillips included the two assignments of error, and a third claim that the court exceeded its jurisdiction by convicting and sentencing him for three counts of armed robbery with no charge against him either by information or indictment. (Doc. 48-1, p. 20). Phillips supplemented his application on October 26, 2015, including a third assignment of error that the judge erred by dismissing his application for failure to state a claim where he alleged the court exceeded its jurisdiction by convicting and sentencing him for three counts of armed robbery with no charges against him either by information or indictment. (Doc. 50-1, p. 23-45).

The Third Circuit Court of Appeal denied Phillips's writ application on March 3, 2016, No. KH-15-1010, with one judge dissenting. (Doc. 1-4, p. 131; Doc. 40-2, p. 5; Doc. 51-3, p. 1). The Third Circuit's opinion stated:

> WRIT DENIED: Relator filed a writ application with this court seeking supervisory review of the trial court's ruling dated September 25, 2015, denying post-conviction relief on Relator's claims of denial of counsel and failure of the trial court to follow proper procedure during sanity proceedings. Review of the claims presented by Relator, the documents attached to the writ application and the supplemental filings, and the record on appeal, show that Relator is not entitled to relief on the claims asserted. Accordingly, Relator's writ application is denied.
>
> Conery, J., dissents and would grant the writ and order the trial court to appoint counsel and conduct an evidentiary hearing on the claims asserted in Relator's application for post-conviction relief.

(Doc. 1-4, p. 131; Doc. 40-2, p. 5; Doc. 51-3, p. 1).

5

On March 29, 2016, Phillips filed a writ with the Louisiana Supreme Court. (Doc. 61-2, p. 1-5). Phillips asserted the following assignments of error: (1) that Petitioner was denied his right to counsel in all sanity commission pretrial stages in violation of the Sixth Amendment and Fourteenth Amendment, and was denied his right to a fair trial where the trial judge failed to sanity commission hearing and make a legal determination on petitioner's competence to stand trial and relied extensively on a mental health report introduced into the records; and (2) that Petitioner's conviction was obtained in violation of his Sixth Amendment right to counsel where the trial court failed to ascertain whether petitioner's waiver of right to counsel was made knowingly and intelligently after the court issued an order on March 18, 2013 from the examining sanity commission that Petitioner lacks the mental capacity to understand the proceedings against him or assist in his defense. (Doc. 61-2, p. 6).

The Louisiana Supreme Court denied writs on August 4, 2017, noting: "Relator inexcusably failed to raise his claims in the proceedings leading to conviction. La.C.Cr.P. art. 930.4(B). In addition, relator fails to satisfy his post-conviction burden of proof. La. C.Cr.P. art. 930.2." See State ex rel. Phillips v. State, 2016-0594 (La. 8/4/17), 223 So. 3d 1144 (per curiam); (Doc. 51-4, p. 2). The Louisiana Supreme Court did not specify which claim(s) were barred by article 930.4(B). The Louisiana Supreme Court also stated that "Phillips has now fully litigated his application for post-conviction relief in state court." See id. However, Phillips did not raise Ground 3 before the Supreme Court in Docket No. 2016-0594.

6

Phillips also filed a Motion to Correct Illegal Sentence in the district court, asserting his sentence is illegal because the charges were dismissed. (Doc. 1-4, p. 137). The district court treated his motion as a Petition for Post-Conviction Relief and denied it as untimely on October 4, 2016. (Doc. 1-4, p. 135-137). On October 31, 2016, Phillips filed a writ application to the Third Circuit Court of Appeal, No. KH-16-00890. (Doc. 52-1, p. 1-20). Phillips asserted that the State's dismissal of armed robbery charges against a codefendant caused the three counts of robbery against Phillips to be discharged, thus depriving the district court of subject matter jurisdiction. (Doc. 52-1, p. 1-20). On April 26, 2017, the Third Circuit Court of Appeal held that the district court properly heard Phillips's Motion to Correct Illegal Sentence as an Application for Post-Conviction Relief, and denied the application on its merits. (Doc. 1-4, p. 135-137; Doc. 52-2, p. 1). The Third Circuit Court of Appeal noted, "[t]he State's dismissal of charges against Relator's codefendant did not dismiss the charges against Relator; thus his claim is denied." (Doc. 1-4, p. 135-137; Doc. 52-2, p. 1; Doc. 61-7, p. 11).

On June 13, 2017, the Louisiana Supreme Court noticed the filing of <u>Dontrale Phillips v. State of Louisiana</u>, No. 2017-KH-981, requesting review of the Third Circuit Court of Appeal's April 26, 2017 Judgment, No. KH-16-00890. (Doc. 52-3, p. 1).[1] Phillips asserts the following assignment of error: that dismissal by the district attorney of an indictment or of a count of an indictment discharges that particular indictment or count, thus the state by dismissing the armed robbery charges against

---

[1] The Louisiana Supreme Court noted that the pleading was received and filed on June 12, 2017, and that the filing was metered on May 3, 2017. (Doc. 52-2, p. 1).

the codefendant caused Counts 1-3 of the bill of information filed on October 29, 2012 to be discharged prior to the verdict, judgment or plea of guilty, and that the failure to file written charges against him deprived the trial court of subject matter jurisdiction as there is no written instrument charging him with three counts of armed robbery. (Doc. 61-7, p. 1-12).

Phillips's original habeas petition contained both exhausted and unexhausted claims, as his writ to the Louisiana Supreme Court, No. 2017-KH-981 remained pending at the time he filed.[2]  On August 21, 2018, Phillips was ordered to advise the Court whether he wished to proceed with the exhausted claims, or dismiss his petition without prejudice to refiling once the post-conviction claim was fully exhausted. (Doc. 65).  On August 28, 2018, Phillips responded that he would like to proceed with the exhausted claims. (Doc. 66).  On September 7, 2018, Phillips filed a "Supplemental Petition for Writ of Habeas Corpus" alleging Ground 3 has now been exhausted, and attached the Louisiana Supreme Court decision. (Doc. 68).  The Louisiana Supreme Court denied writs on August 31, 2018, noting: "Denied.  Relator has previously exhausted his right to state collateral review.  See State ex rel. Phillips v. State, 16-

---

[2] Also, Phillips previously filed a petition for writ of habeas corpus under § 2254 in this Court prior to his conviction, claiming that he was wrongfully detained with regard to arrests on July 31, 2012, for four counts of contempt of court, failure to pay fines, city probation violations, simple assault, and three counts of armed robbery. His petition was dismissed for failure to exhaust.  See Phillips v. Warden, 15-CV-638, 2015 WL 3687416, at *2–3 (W.D. La. June 11, 2015).  Phillips filed a second § 2254 habeas petition, claiming that he was denied counsel in the sanity proceeding in violation of the 6th Amendment, and was denied the right to a fair trial.  He also claimed that the trial court lacked jurisdiction because of a defective bill of information, and that he was denied his right to direct review because the state did not prove harmless error. He also claimed that his counsel was ineffective for failing to raise the above claims on direct review.  See Phillips, 2015 WL 3687416, at *2-3.  Phillips's second § 2254 habeas petition was dismissed without prejudice as unexhausted.  Id. at *3.

0594 (La. 8/4/17), 223 So.3d 1144." (Doc. 68-1). Phillips also filed a Notice of Exhaustion indicating he would like to proceed on all four claims. (Doc. 69).

## II.    Law and Analysis

Phillips's habeas petition, originally and as amended, raises the following grounds for relief: (1) Petitioner was denied his right to counsel in a sanity commission pre-trial stage in violation of the Sixth Amendment and Fourteenth Amendment, and the trial judge failed to hold a sanity commission hearing and make a legal determination of Petitioner's competence to stand trial, instead relying extensively upon a mental health report introduced into the record; (2) Petitioner's conviction was obtained in violation of his Sixth Amendment right to counsel at trial; (3) the trial court lacked subject matter jurisdiction, as there was no written instrument charging Petitioner with three counts of armed robbery; and (4) Petitioner was denied his Sixth Amendment and Fourteenth Amendment rights as the court failed to appoint counsel for Petitioner at the critical stage of preliminary examination and admitted evidence introduced against him at the preliminary examination where he was denied counsel. (Doc. 1).

Respondent, the State of Louisiana (the "State"), answered. (Doc. 40). The State asserts Phillips inexcusably failed to raise Grounds 1 and 2 in the proceeding leading to trial. (Doc. 40). The State asserts Ground 3 (once exhausted) and Ground 4 were extensively reviewed and adjudicated by state courts. (Doc. 40). The State asserts that adjudication of Grounds 3 and 4 did not result in a decision contrary to, or involving an unreasonable application of, clearly established federal law, as

determined by the Supreme Court, or a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (Doc. 40).

## A.  <u>Rule 8(a) Resolution</u>

The Court is able to resolve this habeas corpus petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact relevant to the petitioner's claims, and the state court records provide the required and adequate factual basis. <u>See</u> <u>Moya v. Estelle</u>, 696 F.2d 329, 332-33 (5th Cir. 1983); <u>Easter v. Estelle</u>, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

## B.  <u>Standard of Review</u>

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution or laws or treatises of the United States. <u>See</u> 28 U.S.C. § 2254(a).

As amended by the AEDPA, § 2254 precludes habeas relief absent a showing that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. §2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254(d)(1), and questions of fact are reviewed under Section

2254(d)(2).  Martin v. Cain, 246 F.3d 471, 475–76 (5th Cir. 2001), cert. den., 534 U.S. 885, 122 S.Ct. 194 (2001), and cases cited therein.

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts.  Martin, 246 F.3d at 476, and cases cited therein.

## C.    Grounds 1 and 2

Phillips contends he was denied his right to counsel in all sanity commission pre-trial stages in violation of the Sixth Amendment, and that his conviction was obtained in violation of the Fourteenth Amendment right of due process.  (Doc. 1). Phillips contends the trial judge failed to hold a sanity commission hearing and make a legal determination of his competence to stand trial.  (Doc. 1).  Phillips asserts the trial judge relied extensively on mental health reports introduced into the record. (Doc. 1).

Phillips further contends that his conviction was obtained in violation of his Sixth Amendment right to counsel at trial.  (Doc. 1).  He asserts the trial court failed to ascertain whether Phillips's waiver of his right to counsel was a knowing and intelligent waiver, considering a March 18, 2013 order from the sanity commission

11

that he lacks the mental capacity to understand the proceedings against him or to assist in his defense. (Doc. 1).

Phillips contends the transcript of the June 10, 2013 hearing shows that standby counsel was silent and did not say a word. (Doc. 1). Phillips asserts the transcript shows the trial court introduced mental health records but failed to hold a contradictory hearing and make a determination of his competence to stand trial. (Doc. 1). Citing La. C. Cr. P. arts. 641, 642, and 648, Phillips alleges the court may not rely so extensively on medical testimony and to commit the decision of competency to the physician. (Doc. 1). Phillips asserts that since no contradictory hearing was held, and he was taken to trial without being found competent to stand trial, his conviction on all counts of armed robbery must be reversed. (Doc. 1).

The State asserts Grounds 1 and 2 of Phillips's habeas petition are duplicative. (Doc. 40-1). The State further argues that these grounds are not properly before the Court, as the Louisiana Supreme Court in Docket No. 2016-KH-0594 held that Phillips inexcusably failed to raise these issues in the proceeding leading to trial. (Doc. 40-1). Thus, it appears the State is asserting Grounds 1 and 2 are procedurally defaulted. Yet in its answer, under a heading of "Procedural Default," the State asserted that Phillips "has timely filed the claims in *this* Court." (Doc. 40-1) (emphasis in original). The State argues, in the alternative, that Grounds 1 and 2 were raised in state court, were addressed, and denied as grounds for relief. (Doc. 40-1). The State argues that, in accordance with Richardson v. Quarterman, 537 F.3d 466, 472-74 (5th Cir. 2008), if the law is not clear on a particular issue, this Court

should defer to the state court. (Doc. 40-1). The State asserts Phillips's mere disagreement with the state court's findings is not sufficient. (Doc. 40-1).

While it is not clear whether the State is asserting procedural default, a federal court may consider procedural default on its own motion. Magouirk v. Phillips, 144 F.3d 348, 357-59 (5th Cir. 1998). When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary to correct "a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 748 (1991) (citing Engle v. Isaac, 456 U.S. 107, 135 (1982); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Procedural default exists where: (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default); or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. Bledsue v. Johnson, 188 F.3d 250, 254–55 (5th Cir. 1999) (citing Coleman, 501 U.S. at 735 n.1; O'Sullivan v. Boerckel, 526 U.S. 838 (1999)). This is not a jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." Trest v. Cain, 118 S.Ct. 478, 480 (1997). The "independent and

adequate state law" doctrine applies to both substantive and procedural grounds, and affects federal review of claims that are raised on either direct or post-conviction review.  Coleman, 501 U.S. at 731-32; Amos v. Scott, 61 F.3d 333, 338 n. 15 (5th Cir. 1995).  This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.  Harris v. Reed, 489 U.S. 255, 263 (1989); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997).

Here, Phillips raised both claims asserted under Grounds 1 and 2 for the first time on state collateral review. (Doc. 1-4, p. 132-135; Doc. 40-2, p. 1-4; Doc. 48-1, p. 1-55).  Phillips alleged three claims in his application:  (1) that he was denied his right to counsel during the pretrial and sanity commission proceedings, in violation of the Sixth Amendment, and that the court relied on doctors' reports during the sanity proceedings, in violation of the Fourteenth Amendment; (2) that the trial court failed to determine whether Phillips knowingly and intelligently waived his right to counsel; and (3) that the trial court exceeded its jurisdiction when Phillips was convicted with no bill of information or indictment filed.  (Doc. 50-1, p. 61-64).  On September 25, 2015, the trial court denied post-conviction relief under La. C. Cr. P. art. 928 for failure to allege a claim for which relief may be granted.  (Doc. 50-1, p. 61-64).

The Third Circuit Court of Appeal denied Phillips's writ application on March 3, 2016, No. KH-15-1010, with one judge dissenting. (Doc. 1-4, p. 131; Doc. 40-2, p. 5; Doc. 51-3, p. 1). The Third Circuit's opinion stated:

> WRIT DENIED: Relator filed a writ application with this court seeking supervisory review of the trial court's ruling dated September 25, 2015, denying post-conviction relief on Relator's claims of denial of counsel and failure of the trial court to follow proper procedure during sanity proceedings. Review of the claims presented by Relator, the documents attached to the writ application and the supplemental filings, and the record on appeal, show that Relator is not entitled to relief on the claims asserted. Accordingly, Relator's writ application is denied.
>
> Conery, J., dissents and would grant the writ and order the trial court to appoint counsel and conduct an evidentiary hearing on the claims asserted in Relator's application for post-conviction relief.

(Doc. 1-4, p. 131; Doc. 40-2, p. 5; Doc. 51-3, p. 1).

The Louisiana Supreme Court denied writs on August 4, 2017, noting: "Relator inexcusably failed to raise his claims in the proceedings leading to conviction. La.C.Cr.P. art. 930.4(B). In addition, relator fails to satisfy his post-conviction burden of proof. La. C.Cr.P. art. 930.2." See State ex rel. Phillips v. State, 2016-0594 (La. 8/4/17), 223 So. 3d 1144 (per curiam); (Doc. 51-4, p. 2). Thus, the last state court to render a judgment in the case clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. Harris, 489 U.S. at 263; Glover, 128 F.3d at 902; see also Yist v. Nunnemaker, 501 U.S. 797, 802 (1991).

The Louisiana Supreme Court relies on La. C. Cr. P. art. 930.4(B) as a bar to Phillips's claim(s). However, the Louisiana Supreme Court did not specify which of Phillips's claims were denied under La. C. Cr. P. art. 930.4(B). Under Article 930.4(B), a court must deny relief when a habeas application "alleges a claim of which

the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction." La. C. Cr. Proc. art. 930.4(B).[3]  The rule is meant to bar review by this Court because it sets forth the state procedural requirements for presenting post-conviction relief claims.  See Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999) (noting that state courts' clear reliance on state procedural rules is determinative of the issue).

A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. Amos, 61 F.3d at 338. To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. Glover, 128 F.3d at 902.  The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995).  It is well-established that La. C. Cr. P. art. 930.4(B) is an independent and adequate state court ground sufficient to procedurally bar claims from federal habeas review.  See Holmes v. Vannoy, 2018 WL 941712, at *6 (E.D. La. Jan. 11, 2018), and cases cited therein. Thus, it appears the state court expressly relied upon an independent and adequate state procedural bar in rejecting Phillips's claims.

However, Phillips may be excepted from procedural default if he can show cause for the procedural default and actual prejudice, or that a failure to address the

---

[3] Effective August 1, 2014, La. C. Cr. P. art. 930.4(B) was amended to provide that the court "shall deny relief."  La. C. Cr. P. art. 930.4(B); See La. Acts. 2013, No. 251, § 1.

claim will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 724; <u>Hughes v. Johnson</u>, 191 F.3d 607, 614 (5th Cir. 1999).  "To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him." <u>Johnson v. Puckett</u>, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted). "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." <u>Martin v. Maxey</u>, 98 F.3d 844, 849 (5th Cir. 1996).

When a petitioner has failed to meet the "cause and prejudice" test, a federal court should normally consider his claim only if the application of the procedural bar would result in a "fundamental miscarriage of justice." That exception is a limited one which exists only if a petitioner makes a colorable showing that he is "actually innocent." <u>See</u> <u>Bagwell v. Dretke</u>, 372 F.3d 748, 757 (5th Cir. 2004); <u>Lucas v. Johnson</u>, 132 F.3d 1069, 1077 (5th Cir. 1998).  In order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him.  Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." <u>Finley v. Johnson</u>, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). However, the United States Supreme Court has cautioned:

> To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

<u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).

In this case, Phillips has not offered any cause for the default which would excuse the procedural bar imposed by the state court.  Rather, it appears Phillips is asserting the trial court violated his right to counsel at the sanity commission by failing to determine his waiver was knowing and voluntary, and because his standby counsel was silent at the June 13, 2013 competency hearing.  The record shows that the court on multiple occasions discussed with Phillips his desire to represent himself, including the pitfalls of self-representation.  The record also shows that over Phillips's objection, the court appointed standby counsel.  Phillips now seeks to use his self-representation as means to challenge his conviction.

Both the Louisiana and United States Constitutions guarantee a criminal defendant's right to the assistance of counsel. U.S. Const. amend. VI; La. Const. art. I, § 13.  "[I]mplicit in the structure of the Sixth Amendment" is the right of a criminal defendant to represent himself at trial. Batchelor v. Cain, 682 F.3d 400, 406 (5th Cir. 2012) (citing Faretta v. California, 422 U.S. 806, 818-21 (1975)).  A defendant may elect to represent himself if the choice is "knowingly and intelligently made" and the assertion of the right is "clear and unequivocal." Faretta, 422 U.S. at 835; Wright v. McCain, 703 Fed.Appx. 281, 282 (5th Cir. 2017).

In McKaskle v. Wiggins, 465 U.S. 168, 184 (1984), the United States Supreme Court confirmed the right of a criminal defendant to represent himself pro se while allowing the trial court to appoint standby counsel "to explain and enforce basic rules of courtroom protocol."  The appointment of standby counsel – even over the defendant's objection – does not violate a defendant's Sixth Amendment rights. Id.;

_Faretta_, 422 U.S. at 834, n. 46. However, appointment of standby counsel is not mandatory. _See, e.g._ _McQueen v. Blackburn_, 755 F.2d 1174, 1178 (5th Cir. 1985). When a defendant asserts and is granted the right to proceed pro se, _Faretta_ and _McKaskle_ make it clear that the pro se defendant controls the organization and content of his defense. _Faretta_, 422 U.S. at 836; _McKaskle_, 465 U.S. at 177. A defendant who exercises his right to appear pro se "cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" _McKaskle_, 465 U.S. at 177 n. 8 (citing _Faretta_ 422 U.S. at 834 n. 46). Rather, a defendant who "manages his own defense . . . relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." _Faretta_, 422 U.S. at 835.

As a result, any waiver of the right to counsel must be "knowing, voluntary, and intelligent." _Iowa v. Tovar_, 541 U.S. 77, 88 (2004) (citation omitted). The defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." _Faretta_, 422 U.S. at 835 (quotation marks and citation omitted). "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." _Johnson v. Zerbst_, 304 U.S. 458, 464 (1938). "[C]ourts indulge every reasonable presumption against waiver" and "do not presume acquiescence in

the loss of fundamental rights." Id. (quotation marks, footnotes, and citations omitted).

A criminal defendant does not have the right to act both as "represented and representative" due to the potential for disruption of the trial process. State v. Brown, 907 So.2d 1, 24 (La. 4/12/05) (citing State v. Bodley, 394 So.2d 584, 593 (La. 1981)). However, "hybrid" representation does allow a defendant the right to defend himself as co-counsel while standby counsel explains and enforces the basic courtroom rules, as long as standby counsel participation does not seriously undermine the defendant's appearance as representing himself before the jury. Brown, 907 So.2d at 21–24.

On October 29, 2012, Phillips was present without counsel for a hearing on his Motion for Speedy Trial, Docket No. 312, 223. (Doc. 42-2, p. 3; Doc. 46-4, p. 36). On that same date, the State also filed a Bill of Information, and stated no objection to a speedy trial. (Doc. 42-2, p. 3). The State charged Phillips with three counts of armed robbery, in violation of La. R.S. 14:64. (Doc. 42-3, p. 26). Phillips moved to sever his case from the codefendant, Ms. Moose, to which the State did not object. (Doc. 42-2, p. 3-28). The court reversed the previous motion to sever denied on October 23, 2012, and granted Phillips's Motion to Sever. (Doc. 42-2, p. 3-28). Phillips also moved to waive his right to a jury trial. (Doc. 42-2, p. 3, 28). The Court again advised Phillips of his legal rights to representation and a jury trial. (Doc. 42-2, p. 3). Phillips waived formal arraignment, and entered a plea of not guilty to all charges. (Doc. 42-2, p. 3, 36-37). His trial was set for February 4, 2013. (Doc. 42-2, p. 3).

A Motion to Determine Counsel was also held on October 29, 2012 for two matters, Docket No. 308,683 (a charge of Possession of CDS II) and Docket No. 312,223 (three charges of Armed Robbery). (Doc. 42-2, p. 8, p. 20-24). The trial court asked whether Phillips wished to have an attorney represent him. (Doc. 42-2, p. 8). Phillips replied: "No sir. I am entering this matter with eyes wide open, representing myself." (Doc. 42-2, p. 8). The trial court asked Phillips his name, age, date of birth, education, marital status, dependents, employment, whether he was under the influence of any drugs or alcohol, and his ability to read, write, and understand English. (Doc. 42-2, p. 9-11). The district judge then asked Phillips a lengthy series of questions to inform him of the dangers and pitfalls he may encounter in representing himself. (Doc. 42-2, p. 8-24).

As the record shows, Phillips indicated he still desired to represent himself, and the district court determined Phillips knowingly and intelligently waived representation and determined he was attorney of record. (Doc. 42-2, p. 28). The district judge recommended, however, that he not represent himself. (Doc. 42-2, p. 29). Phillips also indicated he did not want a public defender present with him in court. (Doc. 42-2, p. 30). However, the court stated that during trial, it would have an attorney available if he wished to have an attorney, or wished to ask him questions. (Doc. 42-2, p. 30).

When the bill of information was filed on October 29, 2012, a new docket number, No. 313,293, was assigned. (Doc. 42-3, p. 16). It appears Phillips was then rearraigned on November 30, 2012 without counsel present, and refused to enter a

21

plea of not guilty. (Doc. 42-3, p. 14). The court entered a plea of not guilty for Phillips under La. C. Cr. P. art. 554. (Doc. 42-3, p. 14). Phillips indicated again he desired to represent himself, and that he would like someone appointed to represent him for assistance during the trial. (Doc. 42-3, p. 14). The court ordered Phillips to apply for an Indigent Defender Board representation. (Doc. 42-3, p. 14).

On December 13, 2012, the trial court ordered a sanity commission hearing under La. C. Cr. P. art. 642. (Doc. 43-1, p. 7-8). The court stated that Phillips decided against the advice of the court to represent himself on charges of Possession CDS II (1 count), and Armed Robbery (3 counts). (Doc. 43-1, p. 7). The court noted Phillips exhibited strange behavior in court and in pleadings, resulting in the court questioning whether he had the mental capacity to proceed. (Doc. 43-1, p. 7). The court noted Phillips argued about issues that were not relevant to his motions(s) and continued to argue issues that had already been decided by the court. (Doc. 43-1, p. 7).

The court ordered Phillips to appear and be examined by Dr. Vijaya Boppana on February 25, 2013 at 10:00 a.m., and by Dr. John Simoneaux on January 9, 2013 at 9:00 a.m. (Doc. 43-1, p. 7). The court further ordered the doctors to forward to the court on March 11, 2013, the original reports of their examinations, and to file the reports under seal with the Clerk of Court. (Doc. 43-1, p. 7). The doctors were ordered to make specific findings as to Phillips's mental capacity or incapacity both at the time of the offense and with regard to his ability to proceed in the legal proceedings, understand the proceedings against him, assist in his defense, and any need for

22

hospitalization. (Doc. 43-1, p. 7). On January 7, 2013, Phillips was ordered to attend his sanity commission hearing. (Doc. 42-3, p. 15).

On March 18, 2013, Phillips was present in open court, with standby counsel for a contradictory sanity commission hearing. (Doc. 42-3, p. 15). The court found Phillips lacked the mental capacity to understand the proceedings against him or to assist in his defense. (Doc. 43-3, p. 1). Phillips objected. (Doc. 42-3, p. 16). It was noted in the court's pre-trial commitment that the court reviewed the written reports of the examining sanity commission doctors. (Doc. 43-3, p. 1). The court filed doctor reports into the record, and ordered Phillips committed to the custody of the Department of Health and Hospitals to be maintained in the custody of the Eastern Louisiana Mental Health Systems Forensic Division until he was able to comprehend the proceedings against him and to assist in his defense. (Doc. 42-3, p. 15-16; Doc. 43-3, p. 1). On May 21, 2013, the Louisiana Department of Health and Hospitals informed the court that upon comprehensive evaluation and treatment, Phillips had the capacity to proceed and they were discharging and returning him to the custody of the Rapides Parish Sheriff's Office immediately. (Doc. 43-4, p. 16-17). A contradictory hearing was ordered for June 10, 2013, to determine if Phillips had the mental capacity to proceed. (Doc. 43-4, p. 16).

On June 10, 2013, Phillips represented himself in open court, again with standby counsel present, for a competency hearing. (Doc. 42-2, p. 47). The court informed Phillips it received and reviewed a report from the Office of Health and Hospitals at the Forensic Facility, which said Phillips was competent to proceed.

(Doc. 42-2, p. 47; 42-3, p. 16).  The court asked if Phillips desired to introduce into the record the report showing he is able to proceed, and Phillips stated, "[y]es, sir."  (Doc. 42-2, p. 47).  The court placed the report in the record.  (Doc. 42-2, p. 47).  The court found Phillips had the mental capacity to stand trial and represent himself, and set the matter for trial on December 9, 2013.  (Doc. 42-2, p. 47; 42-3, p. 16).[4]

The State filed a Motion to Determine Counsel, Docket No. 313,293, on August 29, 2013 requesting the court conduct a detailed colloquy to inform the defendant of the dangers and disadvantage of self-representation, and determine the waiver of counsel is knowingly and intelligently made under Faretta.  (Doc. 45-3, p. 13-14).  The court denied the motion on September 18, 2013, noting that the court "advised [Phillips] of the advantages and disadvantages of self-representation on [October 29, 2012], [and] had ordered that Michael Jeansonne act as 'stand-by' counsel or hybrid counsel only."  (Doc. 45-3, p. 16; 48-1, p. 49).  Phillips was again offered the opportunity to change his mind about representing himself at the start of the trial on December 10, 2013.  (Doc. 45-7, p. 4).  He declined.  (Doc. 45-7, p. 4).  The record reflects stand-by counsel was present through trial and sentencing.  (Doc. 42-3, p. 20-24; Doc. 45-7, p. 13).

Even assuming that self-representation might pose special trial-related difficulties, "the competence that is required of a defendant to waive his right to

---

[4] Upon the court setting trial on December 9, 2013, Phillips filed a "Supervisory Writ of Review for Violation of the Accused['s] Right to a Fair and Speedy Trial after a Speedy Trial has been Invoked." Phillips asserted he had the mental capacity to stand trial and represent himself and that the court's unnecessary questioning of his mental capacity was designed to violate his rights to a fair and speedy trial and self-representation under the Sixth Amendment.  (Doc. 44-8, p. 13-17; Doc. 45-1, p. 1-3).

counsel is the competence to *waive the right*, not the competence to represent himself." Indiana v. Edwards, 554 U.S. 164, 172 (2008) (emphasis in original) (quoting Godinez v. Moran, 509 U.S. 389, 399 (1993)). The level of competence required to waive the right to counsel is the same as that required to stand trial. Godinez, 509 U.S. at 39.

Here, Phillips was found competent to stand trial and represent himself. (Docs. 42-2, p. 47; 42-3, p. 16). The state courts' finding that Phillips knowingly and intelligently waived his right to counsel and chose to represent himself is fully supported by the record. Additionally, the record shows that, over Phillips's objection, the court appointed standby counsel, who was present not only at the sanity commission, but through the trial and sentencing. Phillips has not shown cause for the default. It is not necessary then for the Court to consider whether there is actual prejudice. Martin, 98 F.3d at 849. Moreover, Phillips has presented no new evidence whatsoever. Therefore, he has not established that any miscarriage of justice will result from the application of the procedural bar. Dretke, 372 F.3d at 757; Schlup, 513 U.S. at 324. Thus, Phillips has not shown a right to federal relief under Grounds 1 or 2.

### D.    Ground 3

Phillips alleges the trial court lacked subject matter jurisdiction because there was no written instrument charging him with three counts of armed robbery. (Doc. 1). Phillips alleges he and codefendant Cherie Moose were charged with three counts of armed robbery by bill of information on October 29, 2012. (Doc. 1). Phillips asserts

that the minutes of the bench trial, commencing on December 10, 2013, show that the State informed the court that "the witness (Cherie Moose) was also a codefendant in this case and that those charges were dismissed."  (Doc. 1).  Phillips argues that dismissing the charges against codefendant Cherie Moose caused the bill of information to be discharged prior to his conviction.  (Doc. 1).

The State asserts that under La. C. Cr. P. art. 691, the district attorney has complete power over whom to prosecute and for what crimes. (Doc. 40-1).  The State argues that Phillips's assertion – that dismissal of counts 1-3 against his codefendant discharged all defendants named – has no basis in law.  (Doc. 40-1).  The State further asserts that the protections of La. C. Cr. P. art. 693 can only be sought by Phillips's codefendant.  (Doc. 40-1).

The sufficiency of a bill of information is not a matter for federal *habeas corpus* relief unless it can be shown that the instrument is so defective that it deprives the state court of jurisdiction. <u>McKay v. Collins</u>, 12 F.3d 66, 68 (5th Cir. 1994), reh'g granted in part on other grounds *sub nom.*, <u>Williams v. Collins</u>, 12 F.3d 70 (5th Cir. 1994) (per curiam). The United States Fifth Circuit Court of Appeals has observed that the sufficiency of a state charging instrument is fatally defective only when there are no circumstances under which there could be a valid conviction based on that instrument, and that "determination can be made only by looking to the law of the state." <u>Liner v. Phelps</u>, 731 F.2d 1201, 1203 (5th Cir. 1984) (internal quotation marks omitted) (emphasis in original).

The record shows that by bill of information on October 29, 2012, Phillips and codefendant Cherie Moose were charged with three counts of armed robbery, violations of La. R.S. 14:64. See State v. Phillips, 2014 WL 4926152, (La. App. 3 Cir. 2014); (Doc. 42-3, p. 26). The minutes from the trial on December 10, 2013 show that the State dismissed the charges against the codefendant in this case, Cherie Moose, who testified as a State witness. (Doc. 42-3, p. 23). There is nothing in the record supporting Phillips's assertion that the bill of information was dismissed, or that there was any error in the bill of information. Thus, Phillips's claim under Ground 3 that the trial court lacked subject matter jurisdiction is without merit.

E.    Ground 4

Phillips alleges the court failed to appoint counsel in violation of his Sixth Amendment and Fourteenth Amendment rights at the critical stage of preliminary examination. (Doc. 1). Phillips also asserts the trial court admitted statements in evidence against him in the preliminary examination where he was denied counsel. (Doc. 1). As a result, Phillips alleges the trial court allowed the oral testimony of Detective David Foshee ("Foshee"), April Painter, and Moose, stating that he was the perpetrator of the three counts of armed robbery. (Doc. 1).

The State asserts that this Court should defer to the state court. (Doc. 40-1, p. 7). The State asserts the findings of the state court are presumed correct, and mere disagreement with the findings of the state court is not sufficient to support Phillips's claim. (Doc. 40-1, p. 7).

On direct appeal, the Louisiana Third Circuit Court of Appeal rejected

Phillips's pro se claims, holding:

> In his first *pro se* assignment of error, Defendant contends the trial court committed reversible error when it denied his 6th and 14th amendment rights of the United States Constitution and Article 1, § 13 of the Louisiana Constitution by failing to appoint counsel for him at a critical stage in the proceedings and forcing him to represent himself. In his second *pro se* assignment of error, Defendant contends the trial court committed reversible error by admitting statements introduced in evidence against him at the preliminary examination where he was denied counsel at the trial through the oral testimony of the State's witnesses.
>
> Defendant filed a *pro se* motion for preliminary examination. The hearing was held on August 27, 2012, at which the following discussion occurred:
>
> MR. CESPIVA (Counsel for the State):
>
>> Your Honor, this is a P.E. filed by Mr. Dontrale Phillips. I don't know if he's been assigned a lawyer, but its filed *pro se.*
>
> THE COURT:
>
>> All right. Is Mr. Phillips here?
>
> MR. CESPIVA:
>
>> Your Honor, he's been picked up on 7/31, and he's serving 180 days.
>
> THE COURT:
>
>> Okay. Well, let's have a Preliminary Exam on Mr. Phillips?
>
> THE CLERK:
>
>> It's on an Armed Robbery?
>
> MR. CESPIVA:
>
>> Yes.

THE CLERK:

>   I don't have an attorney in yet.

MR. CESPIVA:

>   We don't have a lawyer either. And, I just got the file this morning.

THE COURT:

>   He filed it In Proper Person. So—
>   ....

THE COURT:

>   Come on, Mr. Phillips, if you would; you're here for a preliminary exam, sir, that you've requested. You do not have an attorney, so, you filed this *pro se.* So, what we're going to do is proceed with your preliminary exam.
>
>   Mr. Cespiva, if you would call your first witness, sir.

The trial court subsequently found there was probable cause to believe Defendant committed three armed robberies.

At the conclusion of the preliminary examination, the trial court asked Defendant if he had requested an attorney, and Defendant stated: "No, sir. I'm representing myself[.]" Defendant subsequently moved to represent himself on October 29, 2012, the date the bill of information was filed, and represented himself at trial with the assistance of "hybrid counsel."

In his *pro se* briefs, Defendant contends the trial court forced him to represent himself at the preliminary examination, did not advise him of his right to counsel, and he did not waive counsel. Defendant contends he was forced to cross-examine the State's witnesses and argue evidentiary matters without any understanding of substantive criminal procedure. Defendant notes that, on the date of the preliminary examination, the State and the court clerk informed the trial court that he had not been assigned an attorney. Defendant alleges the trial court informed him that his right to counsel attached once he was arraigned. Defendant asserts the preliminary examination was a critical stage of the proceedings, and his right to counsel attached at that time.

Defendant further asserts he was not questioned about his desire to represent himself at the preliminary examination. Defendant contends this constitutional violation is not subject to the harmless error analysis. In support of this claim, Defendant cites *State v. Haider,* 00–231 (La.App. 3 Cir. 10/11/00), 772 So.2d 189.

*5 In *Haider,* the defendant entered a dual plea of not guilty and not guilty by reason of insanity. No counsel appeared on the defendant's behalf at a competency hearing. This court stated it could not fathom someone with the defendant's mental problems attempting to intelligently question experts. In finding that the competency hearing was a critical stage of the proceedings, which necessitated the assistance of counsel, this court found decisive the fact that the defendant's only defense was his insanity. We consequently concluded the defendant's mental competency was the focus of his defense strategy throughout the proceedings, and the error was reversible.

Defendant has alleged there is a prohibition against the State's use at trial of anything that occurred at a preliminary hearing. In support of his statement, Defendant notes *White v. Maryland,* 373 U.S. 59, 83 S.Ct. 1050 (1963), wherein the defendant, without the benefit of counsel, entered a guilty plea at the preliminary hearing, and that admission was subsequently used against him at trial. Under these circumstances, the Supreme Court held that the preliminary hearing was a critical stage in the proceedings and there was no need to determine whether prejudice resulted from the absence of counsel.

Defendant also contends the following:

> The trial court committed reversible error by admitting testimony with regard to the co-defendant Cherie Moose's statements implicating Appellant and herself at his trial. The preliminary examination was a critical stage of the proceedings where the State there elicited testimony from its witnesses regarding Cherie Moose['s] confession implicating appellant and herself which was introduced in evidence against him at trial through the oral testimony of state witnesses, subsequently entering into the determination of his innocence or guilt and lack of counsel at the preliminary hearing where Appellant was forced to represent himself, confront and cross-examine state witnesses without the benefit of counsel requires reversal.

Defendant further contends this court should not determine whether prejudice resulted from the denial of counsel at the preliminary

examination but should reverse his convictions even though he did not object to the introduction of such evidence.

The State contends the answer to the issues presented by the Defendant can be found in *State v. Savoie,* 07–914 (La.App. 3 Cir. 3/5/08), 982 So.2d 119, *writ denied,* 08–617 (La.10/3/08), 992 So.2d 1011. Therein, this court concluded that a hearing held on the defendant's *pro se* motion to quash did not constitute a "critical stage" of the proceedings that required the appointment of counsel. In *Savoie,* this court stated:

> Although titled motions to quash, the grounds of the motions concerned the alleged violations of the Defendant's right to have counsel appointed within seventy-two hours of arrest, the failure to timely file a bill of information within sixty days of arrest, and finally, the failure to arraign him within thirty days of the filing of the bill. *See* La.Code Crim.P. arts. 230.1 and 701. These claims do not concern the time limitation for the institution of prosecution or for the commencement of trial, which are valid grounds for a motion to quash. *See* La.Code Crim.P. art. 532(7) and *State v. Barnes,* 94–1411 (La.App. 4 Cir. 12/28/94), 648 So.2d 480. In *State v. Francois,* an unpublished writ bearing docket number 03–1324 (La.App. 3 Cir. 11/10/03), this court held that an Article 701(B) hearing is not a critical stage of the proceeding, and the right to counsel does not apply. We find the same would be true for hearings concerning alleged violations of La.Code Crim.P. art. 230.1, which, like Article 701 hearings, concern pretrial custody only, not dismissal of the charge. A hearing on an alleged violation of either article in no way potentially impairs a meaningful defense or a fair trial. Accordingly, we find the October 9, 2006 hearing was not a critical stage of the proceedings in this case. Thus, no error patent is recognized.

*6 *Id.* at 122–23 (footnote omitted).

The State notes the *Savoie* court discussed *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854 (1975). In *Gerstein,* 420 U.S. 103, the Supreme Court addressed the issue of whether Florida's probable cause hearing was a critical stage in the proceedings. The Supreme Court found that, "[b]ecause of its limited function and its nonadversary character, the probable cause determination is not a 'critical stage' in the prosecution that would require appointed counsel." *Gerstein,* 420 U.S. at 122. The Supreme Court noted the probable cause determination affected the defendant's pretrial custody only, and the prosecution was not required to produce witnesses for cross-examination. The State asserts that

Florida's probable cause hearing is akin to Louisiana's preliminary examination.

The State notes that in *Gerstein* the Supreme Court distinguished its prior holding in *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999 (1970). In *Coleman,* the Supreme Court determined that Alabama's preliminary hearing was a critical stage of the criminal process at which the accused is constitutionally entitled to the assistance of counsel. Coleman was not represented by counsel at the preliminary hearing. The Supreme Court noted that, although nothing that occurred at the preliminary hearing was used at Coleman's trial, the record did not reveal whether the defendant was otherwise prejudiced by the absence of counsel at the hearing. The Supreme Court remanded the matter for a determination of "whether such denial of counsel was harmless error, ... and therefore whether the convictions should be reinstated or a new trial ordered." *Id.* at 11.

The State asserts Defendant requested a preliminary examination after his arrest and before the institution of prosecution. The State asserts a "preliminary examination functions as a 'probable cause' determination and does not function in any manner that could potentially impair a meaningful defense or a fair trial." The State contends the trial court's ruling at a preliminary examination does not affect the State's right to file a bill of information or pursue an indictment even if the trial court determines there is not enough probable cause to hold a defendant in custody. Therefore, like Florida, Louisiana's preliminary examination is a probable cause hearing that does not constitute a critical stage of the prosecution.

Louisiana Code of Criminal Procedure Article 293 provides: "When a preliminary examination is ordered, the court shall conduct the examination promptly but shall allow the defendant a reasonable time to procure counsel."

In *State v. Jenkins,* 338 So.2d 276 (La.1976), the supreme court discussed preliminary examinations. It stated:

> Although all of the procedural safeguards of a criminal jury trial need not be afforded at a preliminary examination, the accused has a right to a hearing that insures a fair and impartial determination of the issue of probable cause. Absent an intelligent waiver thereof, the hearing may not be conducted without benefit of counsel for the defendant. La.C.Cr.P. art. 293; Art. I, § 13, La. Const.1974; see *Coleman v. Alabama,* 399 U.S. 1,

32

90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). The hearing is to be full-blown and adversary [sic], and one in which the defendant is entitled to confront witnesses against him and to have full cross-examination of them. La.C.Cr.P. art. 294....

*7 We also note that the right to a preliminary examination has been accorded the status of a constitutional right in felony cases in Louisiana by the adoption of Art. I, § 14, La. Const. of 1974. The convention in drafting this article contemplated the type of formal, adversary proceeding provided for by our Code, including the right to subpoena and cross-examine witnesses. Hargrave, *The Declaration of Rights of the Louisiana Constitution of 1974,* 35 La .L.Rev. 1, 49 (1974). The elevation of the right to a preliminary examination to a constitutional guarantee reflects a recognition by the people of Louisiana of the importance of according an accused a prompt and thorough determination that there is sufficient cause to deprive him of his liberty.

At the same time, our La. Code of Criminal Procedure has specifically incorporated the concept that inconsequential defects in the conduct of the preliminary examination will not mandate release of the accused or rendering the proceeding invalid.

*Id.* at 279. *See also State v. Silbey,* 450 So.2d 710, 713 (La.App. 4 Cir.1984).

Louisiana Code of Criminal Procedure Article 298 provides:

A person ordered held in custody following a preliminary examination shall not be discharged on a writ of habeas corpus or by other process because of any informality or error in the commitment or the proceedings prior thereto that does not substantially prejudice him. No preliminary examination shall be held invalid for any purpose because of an informality or error that does not substantially prejudice the defendant.

We find the question presented in this case is not answered by this court's decision in *Savoie.* The instant case does not involve alleged violations of La.Code Crim.P. arts. 701(B) or 230.1 .[1] Based on *Jenkins,* 338 So.2d at 279, the instant case is distinguishable from *Gerstein,* 420 U.S. 103. In *Ditch v. Grace,* 479 F.3d 249 (3rd Cir.2007), *cert. denied,* 552 U.S. 949, 128 S.Ct. 377 (2007), the defendant argued his habeas petition should be granted because he was denied the right to counsel at his preliminary hearing in violation of U.S. Const. amend. VI. The court concluded that a Pennsylvania preliminary hearing was a critical stage in a criminal prosecution, as the "Commonwealth may assume charge of

the prosecution and recommend to the issuing authority that the defendant be discharged or bound over to court," the Commonwealth must establish a *prima facie* case that a crime has been committed and the accused was probably the person who committed it, and a principal function of the hearing was to protect the accused rights against an unlawful arrest and detention. *Id.* at 253. Because the preliminary hearing was a critical stage of a criminal prosecution, the court concluded that Ditch was entitled to the assistance of effective counsel at that hearing. Ditch was denied that right, as he informed the judge at the beginning of the hearing that he wished to secure representation and requested a continuance in order to do so, but the judge denied his request.

*8 Citing *Coleman,* 399 U.S. 11, the court concluded that denial of counsel at a preliminary hearing did not automatically entitle an accused to vacatur and a new trial. Ditch also argued that a witness identification made at the preliminary hearing was later used against him at trial, and lack of counsel under these circumstances infected the entire proceeding and warranted vacatur. The court noted that *Coleman* did not address the appropriate relief in a case involving a denial of counsel at a preliminary hearing where evidence obtained from the hearing was later used against the defendant at trial. The court found the case was similar to *White,* 373 U.S. 59. However, the question of relief presented by the facts of the case was not squarely addressed by either *Coleman,* 399 U.S. 11, or *White,* 373 U.S. 59. The court went on the find that the denial of counsel at Ditch's preliminary hearing was subject to a harmless error standard even though evidence of the identification made at the hearing was later used against him at trial.

Ditch also argued that, because he was denied counsel at a critical stage of the proceedings, he was entitled to a presumption of prejudice under *U.S. v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039 (1984). In *Cronic,* the Supreme Court identified three situations implicating the right to counsel that involved circumstances so likely to prejudice the accused that the cost of litigating their effect in a particular case was unjustified. The first involved a complete denial of counsel. The Court explained that a trial would be presumptively unfair where the accused was denied the presence of counsel at a critical stage. The court, in *Ditch,* 479 F.3d 249, concluded that *Cronic,* 466 U.S. 648, prescribes a presumption of prejudice only with regard to those critical stages of litigation where a denial of counsel would necessarily undermine the reliability of the entire criminal proceeding. In support of this conclusion, the court cited *U.S. v.. Owen,* 407 F.3d 222 (4th Cir.2005), *cert. denied,* 546 U.S. 1098, 126 S.Ct. 1026 (2006). In *Owen,* the court found the defendant impliedly

waived his right to counsel at arraignment, and the denial of court-appointed counsel at arraignment was subject to a harmless error analysis.

In his second *pro se* brief, Defendant cites to several record pages containing testimony at the preliminary examination and his trial. At the preliminary examination, Corporal David Foshee discussed a statement made by Moose, in which she implicated Defendant to police. Corporal Foshee also mentioned that statement at Defendant's trial. Officer April Painter testified at trial that Moose implicated herself as the driver of the vehicle. Moose testified for the State at Defendant's trial, discussing her participation, as well as that of Defendant, in the offenses for which Defendant was convicted.

After a review of the facts in this case, we find it is distinguishable from *White,* 373 U.S. 59. It is clear that what made the preliminary hearing in *White* critical was the fact that a guilty plea had been entered at that hearing, and the plea had been used against petitioner at trial. In the instant case, Moose testified at Defendant's trial. Accordingly, any issue regarding testimony about Moose's statement to police at the preliminary hearing did not substantially prejudice the Defendant. Any error that may have occurred was harmless.

*9 For the reasons set forth herein, Defendant's first and second *pro se* assignments of error lack merit.

See State v. Phillips, 2014-254 (La.App. 3 Cir. 10/1/14). Thus, the appellate court found that Petitioner's first two pro se assignments of error lacked merit. Id. The Louisiana Supreme Court denied writs on September 11, 2015. See State v. Phillips, 176 So.3d 1035 (La. 9/11/15).

Here, the record shows that throughout the proceedings, and despite the trial court's repeated discussions regarding the dangers and pitfalls of self-representation, Phillips elected to represent himself. Phillips was arrested on July 31, 2012. (Doc. 42-1, p. 6; Doc. 42-4, p. 4). The transcript reflects Phillips filed a pro se motion for preliminary examination, Docket No. 312,223. (Doc. 42-1, p. 6-7; 41-2, p. 3). The

record shows a preliminary examination proceeding was held on August 27, 2012. (Doc. 42-1, p. 4; 41-2, p. 3). Phillips appeared in proper person. (Doc. 42-1, p. 5). No attorney was present on behalf of Phillips. (Doc. 42-1, p. 6).

The assistant district attorney called witness Detective Foshee, Alexandria Police Department. (Doc. 42-1, p. 7). Foshee testified he was the criminal investigator who investigated a series of armed robberies that took place in 2012 in Alexandria. (Doc. 42-1, p. 7-8). Foshee testified he received a tip that Phillips may have been involved in one of the robberies. (Doc. 42-1, p. 8). Foshee testified that a review of his record revealed several outstanding warrants for contempt of court. (Doc. 42-1, p. 9). Foshee testified he proceeded to arrest Phillips for the outstanding warrants. (Doc. 42-1, p. 9).

Foshee testified he made contact with Phillips's girlfriend, Sherrie Moose. (Doc. 42-1, p. 9). Foshee testified Moose confessed to being the getaway driver in the three armed robberies, and identified Phillips as the perpetrator of the armed robberies. (Doc. 42-1, p. 9). Foshee testified Moose also confirmed Phillips was armed with a firearm, which was also found in a bag in the bedroom in which Phillips had been living. (Doc. 42-1, p. 9-10). Foshee testified that shots had been fired at one of the first robberies at Circle-K, and the shell casing was recovered. (Doc. 42-1, p. 10). Foshee testified the same caliber was located in Phillips's bag. (Doc. 42-1, p. 10). Foshee also identified Phillips in open court. (Doc. 42-1, p. 10).

Phillips was allowed to cross-examine Foshee. (Doc. 42-1, p. 11). Phillips conducted extensive questioning of Foshee. (Doc. 42-1, p. 11-18). He asked at what

time Foshee concluded the tip was reliable. (Doc. 42-1, p. 11). Foshee testified it was the same day he arrested Phillips but did not remember a time. (Doc. 42-1, p. 11). Foshee testified he determined the information was reliable upon confession of Phillips's girlfriend. (Doc. 42-1, p. 11). Phillips inquired to whom the initial report was made. (Doc. 42-1, p. 12). Phillips asked Foshee questions regarding an affidavit for an arrest warrant, but the court advised Phillips he was arrested on probable cause, and Foshee testified he was arrested on probable cause. (Doc. 42-1, p. 11-13). Phillips asked for all evidence the government planned to use in court. (Doc. 42-1, p. 14). The court advised Phillips filed the motion pro se but inquired whether he requested an attorney. (Doc. 42-1, p. 14). Phillips responded no, that he was representing himself. (Doc. 42-1, p. 14-15). The district judge asked about arraignment, and advised Phillips he would need to be informed of the advantages and disadvantages of representing himself. (Doc. 41-1, p. 15).

The district judge advised Phillips he had a right to hire an attorney, or could make an application for a court appointed attorney, or could represent himself. (Doc. 42-1, p. 15). He advised Phillips that he could represent himself, but at his arraignment, he must do it freely and voluntarily. (Doc. 42-1, p. 15). The district judge advised Phillips that the charges were very serious, and that the penalty for armed robbery is ten to ninety-nine years. (Doc. 42-1, p. 15). The district judge also informed Phillips that with four or five prior felony convictions, he faces the possibility of the State filing a bill and having him declared a Habitual Offender. (Doc. 42-1, p. 16). He informed Phillips that if two of his prior felonies were "crimes

of violence," he could face a mandatory sentence of life in prison. (Doc. 42-1, p. 16). He further informed Phillips that the sentences would be without the benefit of probation, parole, or suspension of sentence, and without "good time." (Doc. 42-1, p. 16).

The district judge advised Phillips he needed to be aware of this if he wanted to represent himself. (Doc. 42-1, p. 16). Phillips responded: "I'm aware of all these things, Your Honor." (Doc. 42-1, p. 16-17). The district judge asked him to think about it before his arraignment. (Doc. 42-1, p. 17). The district judge then found there was probable cause to believe Phillips had committed the crimes charged, and remanded Phillips to the parish jail to post a bond. (Doc. 42-1, p. 18).

After a bill of information was filed, a new docket number was assigned on October 29, 2012. (Doc. 42-3, p. 16). Phillips again filed a Motion for Preliminary Exam on March 19, 2013, Docket Nos. 312,223 and 312,293, which was denied on March 22, 2013. (Doc. 43-4, p. 1). He filed another Motion for Preliminary Exam on June 18, 2013. (Doc. 42-3, p. 16; Doc. 44-1, p. 4). On June 19, 2013, Phillips represented himself in open court regarding numerous pro se motions, including his Motion for Preliminary Exam. (Doc. 42-3, p. 16). The court advised Phillips his Motion for Preliminary Exam had previously been denied. (Doc. 42-3, p. 17). The court denied the motion and noted that Phillips agreed to informal discovery and therefore waived his right to a preliminary examination. (Doc. 44-1, p. 5). The court ordered the court reporter to prepare a transcript of the August 27, 2012 hearing on his Motion for Preliminary Exam. (Doc. 42-3, p. 17). The court ordered Phillips not

to file any additional Motions for Preliminary Exam or any motions that pertain to probable cause. (Doc. 42-3, p. 17).

As discussed above, the Louisiana and United States Constitutions guarantee a criminal defendant's right to the assistance of counsel. U.S. Const. amend. VI; La. Const. art. I, § 13. But a defendant may elect to represent himself if the choice is "knowingly and intelligently made" and the assertion of the right is "clear and unequivocal." Faretta, 422 U.S. at 835; Brown, 907 So.2d at 21-24.

The Louisiana Constitution recognizes the right to the assistance of counsel at every stage of the proceedings against a person accused of a crime. La. Const. art. I, § 13. Under the Louisiana Constitution, every person charged with a felony who has not been indicted by a grand jury is entitled to a preliminary examination. La. Const. Art. I, § 14. The state or the defendant may request a preliminary examination, and, upon request, the court is to "immediately" order the hearing unless the defendant has been indicted by a grand jury. La. C. Cr. P. art. 292. When a preliminary examination is ordered, the court shall conduct the examination promptly but shall allow the defendant a reasonable time to procure counsel. La. C. Cr. P. art. 293. Under La. C. Cr. P. art. 296, the scope of a preliminary examination before indictment requires a probable cause determination. La. C. Cr. P. art. 296. Probable cause determinations in this context shall not be an adversary proceeding and may be made on affidavits. La. C. Cr. P. art. 230.2.

Following the commencement of adversary judicial proceedings in a criminal case, the Sixth Amendment entitles a defendant to counsel at "critical stages" of the

criminal proceedings. Rothgery v. Gillespie, 554 U.S. 191, 212–13 (2008); Montejo v. Louisiana, 556 U.S. 778, 786 (2009). "The cases have defined critical stages as proceedings between an individual and agents of the State (whether formal or informal, in court or out) that amount to trial-like confrontations, at which counsel would help the accused in coping with legal problems or meeting his adversary." Id. at 212 n.16 (internal quotation marks, citations, and ellipsis omitted); see also Kirby v. Illinois, 406 U.S. 682, 689 (1972) (plurality opinion)). "Commencement" of adversary proceedings includes the initiation of a formal charge, preliminary hearing, indictment, information, or arraignment. Rothgery, 554 U.S. at 198 (citing United States v. Gouveia, 467 U.S. 180, 188 (1984) (quoting Kirby, 406 U.S. at 689)).

"Lack of counsel per se is not sufficient cause to grant habeas corpus relief. It must further be determined that lack of counsel occurred at a 'critical stage'. Whether a preliminary proceeding constitutes a critical stage depends upon the determination of 'whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice.'" U. S. ex rel. Charbonnet v. Heyd, 432 F.2d 91, 93 (5th Cir. 1970) (citing Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), and cases therein cited). However, because of its limited function and its nonadversary character, the probable cause determination is not a "critical stage" in the prosecution that would require appointed counsel. Gerstein v. Pugh, 420 U.S. 103, 122-123 (1975).

Further, it is clear that a defendant may choose to forego representation if the waiver of his right to counsel is "knowing, voluntary, and intelligent." Iowa, 541 U.S.

40

at 87.  The Supreme Court has stated that such waiver is "intelligent" when the defendant "knows what he is doing and his choice is made with eyes open."  Id. at 88.  There is no "formula or script to be read to a defendant who states that he elects to proceed without counsel."  Id.  But, "[w]arnings of the pitfalls of proceeding to trial without counsel . . . must be rigorously conveyed. . . . [A]t earlier stages of the criminal process, a less searching or formal colloquy may suffice."  Id. at 89.

The trial court repeatedly warned Phillips of the perils of self-representation.  The record shows that the preliminary examination was held upon filing of Phillips's pro se motion to determine probable cause.   (Doc. 42-1, p. 18).  Phillips maintained, despite the court's warnings, that he would represent himself.  The district court held there was probable cause to believe Phillips had committed the crimes charged, and remanded Phillips to the parish jail to post a bond.  (Doc. 42-1, p. 18).  Accordingly, this Court finds that the state court decision rejecting Phillips's claim was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  This Court must otherwise defer to that state court decision rejecting Phillips's claims.  Phillips's claims under Ground 4 should be denied.

## III.   Conclusion

Accordingly,

**IT IS RECOMMENDED** that Phillip's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 be DENIED AND DISMISSED WITH PREJUDICE.

**IT IS FURTHER RECOMMENDED** that Phillips's Motion for Writ of Mandamus (Doc. 33) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __13th__ day of December, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge